NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY P. BUSCH, | No. C 10-04319 JF (PR) |
| Petitioner, | ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY |
| vs. | |
| RANDY GROUNDS, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the Board of Parole Hearings ("Board") in 2008.[1] Petitioner has paid the filing fee.

**DISCUSSION**

**A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in

---

[1] On February 14, 2011, the Court dismissed the petition for failure to pay the filing fee, and then granted Petitioner's motion for reconsideration and reopened the action on April 29, 2011. (See Docket No. 9.)

Order Granting Mot. For Recon; Reopening Case
P:\PRO-SE\SJ.JF\HC.10\Busch04319_dism-parole.wpd           1

1  custody in violation of the Constitution or laws or treaties of the United States." 28
2  U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).
3       A district court shall "award the writ or issue an order directing the respondent to
4  show cause why the writ should not be granted, unless it appears from the application that
5  the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.
6  **B.**     **<u>Petitioner's Claims</u>**
7       Petitioner claims that his due process rights were violated "when he was denied
8  parole without some evidence of current dangerousness." (Pet. at 6.) However, the
9  United States Supreme Court has recently determined that for the purposes of habeas
10 federal habeas review, a California prisoner is entitled to only "minimal" procedural
11 protections in connection with a parole suitability determination. <u>Swarthout v. Cooke</u>,
12 No. 10-333, slip op. 4-5 (U.S. Jan. 24, 2011). The procedural protections to which the
13 prisoner is entitled under the Due Process Clause of the Fourteenth Amendment are
14 limited to an opportunity to be heard and a statement of the reasons why parole was
15 denied. <u>Id.</u> Here, Petitioner makes no allegation that the Board failed to provide at least
16 these minimum procedural protections, and the Constitution does not require more. <u>Id.</u> at
17 5.
18      Whether the Board's decision was supported by some reliable evidence of current
19 dangerousness is irrelevant in federal habeas. The Supreme Court has made clear that "it
20 is no federal concern... whether California's 'some evidence' rule of judicial review (a
21 procedure beyond what the Constitution demands) was correctly applied." <u>Id.</u> at 6. In
22 light of the Supreme Court's determination that due process does not require that there be
23 any amount of evidence to support the parole denial, the petition fails to state a
24 cognizable claim for relief.
25
26                          **CONCLUSION**
27      For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED
28 for failure to state a cognizable claim for relief.

1    Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of
2 appealability ("COA") under 28 U.S.C. § 2253(c) is DENIED because it cannot be said
3 that "reasonable jurists" would find the district court's assessment of the constitution
4 claims debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

5    IT IS SO ORDERED.
6 Dated:  5/5/11

        JEREMY FOGEL
7       United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY P BUSCH,

        Petitioner,

v.

RANDY GROUNDS, Warden,

        Respondent.

Case Number: CV10-04319 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  5/19/11 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Timothy P. Busch E-14667
Correctional Training Facility
P.O. Box 689
NE-209L
Soledad, CA 90960-0689

Dated:  5/19/11

                                       Richard W. Wieking, Clerk